IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Laryie Earl Jones, ) | |
| AIS #156610, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 13-00505-KD-N |
| ) | |
| Gwendolyn Lightner, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Laryie Earl Jones, a state prisoner currently incarcerated at Mobile Work Release Center, has filed what is, without a doubt, a successive 28 U.S.C. § 2254 habeas corpus petition (Doc. 1). Respondent has answered (*see* Doc. 9). And this matter has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rule Governing Section 2254 Cases, and Local Rule 72.2(c)(4).

It is **RECOMMENDED** that, due to Jones's failure to comply with 28 U.S.C. § 2244(b)(3)(A), his successive habeas corpus petition be **DISMISSED with PREJUDICE** for lack of jurisdiction and that the Court find that he is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.[1]

---

[1] Jones's motion to compel discovery (Doc. 10) is hereby also **DENIED**.

I.  **Applicable Background**

After the Covington County Grand Jury returned four separate indictments (for possession of cocaine and possession of drug paraphernalia) against him, Jones pleaded guilty to three charges of possession of cocaine on September 27, 2005. The charges in the fourth indictment were *nol prossed*. After sentencing,[2] on October 7, 2005, Jones filed a notice of appeal and a motion to withdraw his guilty pleas. In December 2005, his motion was granted and, accordingly, his appeal dismissed. Jones was then tried in May 2006 and convicted on all charges in the three remaining cases. On July 10, 2006, he was ordered to serve a life sentence on each conviction for possession of cocaine and a one-year sentence on each conviction for possession of drug paraphernalia, all to run concurrently.

In July 2006, Jones filed an appeal and a motion for a new trial. His motion was denied on August 2, 2006. And the Alabama Court of Criminal Appeals affirmed his convictions in a memorandum opinion issued May 18, 2007. Jones then petitioned the Alabama Supreme Court. His writ of *certiorari* was denied, and a certificate of judgment issued, on October 12, 2007. Undeterred by his lack of success on direct appeal, Jones filed three petitions for relief from conviction or sentence under Alabama's Rule 32. The trial court ultimately denied all three petitions. The Court of Criminal Appeals then affirmed those denials, on April 11, 2008, but Jones chose not to again petition the Alabama Supreme Court.

---

[2] Jones received fifteen years for each count, to run concurrently, but the Court ordered that he only be incarcerated for one year and placed on probation for the remainder of the sentences.

Instead, shortly thereafter, he filed a § 2254 petition in the United States District Court for the Middle District of Alabama, *Jones v. Boyd*, No. 2:08–CV–304–MHT. On April 2, 2010, Magistrate Judge Moorer recommended that the petition be denied because Jones's claims were procedurally defaulted. (*See* Doc. 9-1; *Jones v. Boyd*, No. 2:08–CV–304–MHT, 2010 WL 1874277 (M.D. Ala. Apr. 2, 2010).) And Judge Thompson adopted the recommendation as the opinion of the Court on May 6, 2010. (*See* Doc. 9-2; *Jones v. Boyd*, No. 2:08–CV–304–MHT, 2010 WL 1874189 (M.D. Ala. May 6, 2010).)

## II. This Successive Petition

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the AEDPA, "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Dep't of Corrs.,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161 (2009).

3

Because Jones has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, *see, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."), nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Jones's petition, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."), *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."). Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *with Holt,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* No. 2:10-CV-28-ID, 2010 WL 582091, at *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because

4

he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'" (quoting *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001))), *report and recommendation adopted,* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).

Further, "in addition to being second or successive," Jones's petition is also "indisputably time-barred." *Guenther*, 173 F.3d at 1331. Because of this, and because nowhere in the pleadings he has filed in this matter does Jones argue for— much less show he is entitled to—equitable tolling, "[t]he undersigned recommends that this Court dismiss [Jones's] present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631[.]" *Tedder v. Culliver*, CA No. 07-0046-BH-C, 2007 WL 2051194, at *2 (S.D. Ala. July 16, 2007) (citations omitted).

### III. <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion seeking leave to file a successive petition is being denied on

5

procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Inasmuch as the instant petition/motion is unquestionably a successive pleading, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant motion, with prejudice, for want of jurisdiction or that Anderson should be allowed to proceed further. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this

6

report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[3]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV. Conclusion

The Magistrate Judge **RECOMMENDS** that Laryie Earl Jones's successive habeas corpus petition (Doc. 1) be **DISMISSED with PREJUDICE** for lack of jurisdiction, due to his failure to comply with 28 U.S.C. § 2244(b)(3)(A), and that the Court find that Jones is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

---

[3] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

7

Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 27th day of March, 2014.

                                           */s/ Katherine P. Nelson*
                                           **KATHERINE P. NELSON**
                                           **UNITED STATES MAGISTRATE JUDGE**